This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38626**

**LAURA JUAREZ,**

Plaintiff-Appellant,

v.

**JOSE RODRIGUEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Carrillo Law Firm, P.C.
Raul A. Carrillo, Jr.
Steven E. Jones
Las Cruces, NM

for Appellant

Jarmie & Rogers, P.C,
Mark D. Standridge
Las Cruces, NM

for Appellee

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Plaintiff appeals the district court's grant of summary judgment in favor of Defendant and dismissing Plaintiff's complaint due to Plaintiff's failure to bring her claims within the New Mexico Tort Claims Act (TCA), NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2020), two-year statute of limitations. Section 41-4-15(A). We issued a calendar notice proposing to affirm. Plaintiff filed a memorandum in opposition and Defendant filed a memorandum in support, both of which we have duly considered. We affirm.

**{2}** In Plaintiff's memorandum in opposition, she continues to assert that summary judgment was not appropriate because "Plaintiff has set forth credible facts showing that Defendant *was not working* at the time of the accident." [MIO 6 (emphasis added)] In support of this argument, Plaintiff reiterates the facts she believes establish that Defendant was not working at the time of the accident, contending that this Court's notice of proposed disposition failed to take these facts as true and instead erroneously accepted Defendant's version of the facts. [MIO 1] Specifically, Plaintiff argues that Defendant's

> time records clearly show that he clocked out of work at 5[:00] p.m. and may have been heading home at the time of the accident. In fact, the evidence shows that [Defendant's] time records were back-dated in order to show that he was working, so that he would be compensated for his time in tending to the accident *after* it occurred. The evidence also shows that [Defendant] was given approved overtime for the sole purpose of taking a urinalysis test, which must have occurred after he had stopped working, given that the urinalysis test was given only because an accident had occurred. In other words, there is more than enough evidence to show that a genuine issue of fact exists as to whether [Defendant] was acting within the scope of his duties at the time of the accident[.]

[MIO 7-8]

**{3}** However, the problem with Plaintiff's argument, as we explained in our calendar notice, is that the TCA's definition of acting within the "scope of duty," *see* Section 41-4-3(G), is broader than and not identical to being on duty for purposes of payment. [CN 5] *See Medina v. Fuller*, 1999-NMCA-011, ¶¶ 2, 11, 27-29, 126 N.M. 460, 971 P.2d 851, ¶¶ 2, 11, 27-29 (concluding there was no dispute that an officer driving home from work in a take-home vehicle was acting in the scope of her duties, even if she ran a personal errand on her way home); *Celaya v. Hall*, 2004-NMSC-005, ¶ 26, 135 N.M. 115, 85 P.3d 239 (explaining that an incidental personal errand will not necessarily remove a defendant's actions from the TCA so long as there is a nexus between the incident and the scope of an employee's official duties). This distinction, under the facts of this case [*see* CN 3-4], compelled our proposed affirmance because it rendered immaterial Plaintiff's focus on whether or not Defendant "was on the clock and looking for traffic violations or performing an activity, such as driving home from work, for which Defendant would not have received pay had the accident not occurred." [CN 5]

**{4}** Thus, we reject Plaintiff's argument that this Court and the district court inappropriately credited the facts presented by Defendant over those provided by Plaintiff. [MIO 6] Instead, we noted that Plaintiff's facts, taken as true, may have established a genuine dispute of fact as to whether or not Defendant was engaged in an activity for which he would be classified as on duty for purposes of payment at the time of the accident. [CN 6] But, we suggested that the existence of *this* dispute of fact failed to rebut Defendant's showing that he was acting in connection with the duties that he was "requested, required, or authorized to perform." [CN 6] Section 41-4-3(G); *see*

*Medina*, 1999-NMCA-011, ¶¶ 11-12 (explaining that "[t]he written policy regarding take-home vehicles and the testimony of both [the d]efendant and her supervisor established without contradiction that [the d]efendant was authorized or permitted, if not required, to use [her take-home] vehicle to go to and from work in order to facilitate her investigative duties" and concluding that her actions in driving the vehicle home were "within the literal definition of 'scope of duties' "). Given this, and because "only one reasonable conclusion [could] be drawn" from the facts presented, we are not persuaded that the district court erred in granting summary judgment in favor of Defendant. *Medina*, 1999-NMCA-011, ¶ 22 (internal quotation marks and citation omitted).

**{5}** Plaintiff has not otherwise asserted any fact, law, or argument in her memorandum in opposition that persuades us our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's grant of summary judgment in favor of Defendant and dismissing Plaintiff's complaint due to Plaintiff's failure to bring her claims within the applicable statute of limitations.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**